# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRACY WARD, through her next friend,**                    **CIVIL ACTION**
**Stellar Jackson**

**VERSUS**                                                  **NO. 18-454-BAJ-RLB**

**OUR LADY OF THE LAKE HOSPITAL, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRACY WARD, through her next friend,                    CIVIL ACTION
Stellar Jackson

VERSUS                                                 NO. 18-454-BAJ-RLB

OUR LADY OF THE LAKE HOSPITAL, INC.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Strike (R. Doc. 10) filed on June 20, 2018.

The motion is opposed. (R. Doc. 19).  Defendant filed a Reply. (R. Doc. 23).

On July 30, 2018, the Court held oral argument on the instant motion. (R. Doc. 25).

I.    Background

Tracy Ward, through her next friend, Stellar Jackson ("Plaintiff") commenced this action

on April 11, 2018, seeking relief for alleged violations of Section 1557 of the Patient Protection

and Affordable Care Act, 42 U.S.C. § 18116. (R. Doc. 1, "Compl.").  Plaintiff alleges that Our

Lady of the Lake Hospital, Inc. ("Defendant") denied her of "necessary interpretation and

communication services, and thereby denied effective communication" on two separate

occasions, specifically on June 16, 2015 and May 14-15, 2016. (Compl. ¶¶ 1, 13).

At issue in the following motion are Plaintiff's allegations in Paragraph 2 of the

Complaint:

> Defendant, OUR LADY OF THE LAKE HOSPITAL, INC., has explicit notice of
> its need to accommodate persons with disabilities. To the extent Defendant was
> unaware of its obligation to accommodate, other plaintiffs have filed suit against
> the Defendant on November 23, 2016; June 21, 2017; August 2, 2017; and August
> 9, 2017, regarding allegations of deaf-related discrimination by the Defendant in
> the United States District Court for the Middle District of Louisiana. *See
> Labouliere v. Our Lady of the Lake Hospital, Inc.*, et. al., Case: 3:16-cv-00785-
> JJB-EWD; *Francois v. Our Lady of the Lake Hospital, Inc.*, Case 3:17-cv-00393-

1

SDD-EWD; *Lockwood v. Our Lady of the Lake Hospital, Inc.*, Case 3:17-cv-00509-JJB-EWD; and *King v. Our Lady of the Lake Hospital, Inc.*, Case 3:17-cv-00530-JJB-RLB.

(Compl. ¶ 2).

Defendant seeks an order striking Paragraph 2 of Plaintiff's Complaint on the grounds that it is immaterial, impertinent, and prejudicial pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (R. Doc. 10).  In support of its motion, Defendant argues that the civil actions referenced in Paragraph 2 of the Complaint, "are completely unrelated to the instant case." (R. Doc. 10-2 at 2).  More importantly, all of the suits contained in Paragraph 2 were filed after the instances complained of in the instant matter.

In opposition, Plaintiff argues, among other things, that the allegations in Paragraph 2 "merely aver that Defendant is on notice of its obligation to accommodate Deaf patients, as evidenced by the fact that four other Deaf patients have filed lawsuits against the Defendant regarding the sufficiency of their accommodations." (R. Doc. 19 at 3).  In reply, Defendant represents that not only were the actions referenced in Paragraph 2 "all filed after the events in the instant case allegedly occurred, but almost all of the events complained of in those cases also occurred after the events complained of [in the instant case] allegedly occurred." (R. Doc. 23 at 3) (emphasis omitted).

## II.    Law and Analysis

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike is a "'drastic remedy' that is 'disfavored' by courts and generally require a

showing of prejudice to the moving party." *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014).

The Court agrees with Defendant that Paragraph 2 of the Complaint, which references the filing of civil actions <u>after</u> the underlying factual events in this action, are completely immaterial to the allegations in this lawsuit. There is nothing to indicate how the filing of those lawsuits put Defendant on notice regarding incidents occurring earlier. Requiring Defendant to respond to Paragraph 2 would prejudice Defendant, as it would essentially have to defend against the allegations in the other referenced civil actions in the context of this lawsuit.

In addition, these other lawsuits have not been resolved and have not resulted in any finding of liability by the Defendant. It is also worth noting that those lawsuits were all filed by the same firm representing the plaintiff in this case. Plaintiff's counsel is essentially suggesting that their action of filing lawsuits somehow supports their claims in this case. Put another way, it improperly suggests to the trier of fact that the allegations made in this matter are valid, simply because other lawsuits have been filed.

Accordingly, the Court concludes that Paragraph 2 contains immaterial and prejudicial language that is subject to being struck pursuant to Rule 12(f).

## III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Strike (R. Doc. 10) be **GRANTED**, and that the district judge **STRIKE** Paragraph 2 from the Complaint.

Signed in Baton Rouge, Louisiana, on August 16, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**