UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRACY D. WARD                                CIVIL ACTION

VERSUS

OUR LADY OF THE LAKE HOSPITAL,        NO: 18-00454-BAJ-RLB
INC.

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 37)** filed by Defendant. Plaintiff has filed a response in opposition (Doc. 52). For the following reasons, the **Motion for Summary Judgment (Doc. 37)** is GRANTED.

### I. FACTUAL BACKGROUND

According to the allegations of the Complaint, Plaintiff is deaf and requires auxiliary aids and services to communicate effectively in a medical setting. (Doc. 1 at 4). Plaintiff sought emergency medical treatment at Defendant's emergency room on June 16, 2015 and May 14-15, 2016. *Id.* On both occasions, Defendant's staff failed to offer Plaintiff an American Sign Language (ASL) interpreter. (*Id.* at 4-5). Plaintiff filed the instant action on April 11, 2018. (*Id.* at 11). Plaintiff brought a claim under Section 1557 of the Patient Protection and Affordable Care Act, alleging discrimination on the basis of disability. (*Id.* at 2 (citing 42 U.S.C. § 18116)).

### II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

1

matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Defendant argues that summary judgment should be granted because Plaintiff's claims are untimely. Section 1557 prohibits discrimination by any health

program or activity, any part of which is receiving federal financial assistance. *Vega-Ruiz v. Northwell Health*, No. 19CV0537DRHAYS, 2020 WL 207949, at *2 (E.D.N.Y. Jan. 14, 2020) (citing 42 U.S.C. § 18116(a)). Rather than crafting a new discrimination prohibition wholesale, Section 1557 borrows from four preexisting anti-discrimination statutes: Title VI of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race, Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of gender, the Age Discrimination Act, and Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination on the basis of disability. *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018) (citing 42 U.S.C. § 18116(a)). Specifically, the enforcement mechanisms provided for by these statutes applies for purposes of violations of Section 1557. *Id.* However, Section 1557 does not provide a statute of limitations. *Id.* The Court must therefore determine the appropriate statute of limitations to apply.

For purposes of this case, the relevant anti-discrimination statute is Section 504 of the Rehabilitation Act. This is due to the fact that Plaintiff alleges discrimination on the basis of disability. (Doc. 1 at 2). The Fifth Circuit has held that claims under the Rehabilitation Act are subject to the relevant state's limitations period for personal injury actions. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). In Louisiana, the applicable prescriptive period is one year. La. Civ. Code Ann. art. 3492. Plaintiff therefore had one year to bring her claim. Because she filed her complaint on April 11, 2018, more than two years after her June 16, 2015 emergency room visit, and more than a year after her May 14-15, 2016 emergency

room visit, her claim is untimely. See *Vega-Ruiz*, 2020 WL 207949, at *4 (applying the state statute of limitations to a Section 1557 claim). Thus, Defendant's motion for summary judgment must be granted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Partial Summary Judgment (Doc. 37)** is **GRANTED**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA